**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Daniel Kersey, <br><br>                               Plaintiff, <br><br>        -v- <br><br> Suffolk County Correctional Facility; *et al.*, <br><br>                             Defendants. | 2:26-cv-02954 <br> (NJC) (LGD) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Daniel Kersey, proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Suffolk County Correctional Facility ("Jail") and the Riverhead County Jail Medical Unit ("Medical Unit" and together, "Defendants") challenging the adequacy of the medical care at the Jail. (*See* Compl., ECF No. 1.) Before the Court is Kersey's motion to proceed in forma pauperis ("IFP"), filed along with his Complaint. (IFP Mot., ECF No. 2.)

For the reasons explained below, Kersey's motion to proceed IFP is granted. After granting IFP, the Court reviewed the Complaint in accordance with the requirements of 28 U.S.C. §§ 1915 and 1915A. Upon review, this Court dismisses the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) as set forth below.

**BACKGROUND**

On May 18, 2026, Kersey filed a Complaint pursuant to Section 1983 against the Defendants challenging the adequacy of medical care at the Jail together with an IFP Motion. (Compl., ECF No. 1, ¶ III.B.; IFP Mot., ECF No. 2.)

##### I.    The Complaint[1]

According to the Complaint, on October 1, 2025, Kersey visited the Medical Unit and was diagnosed with a left torn Achilles tendon. (Compl. ¶ IV at 4, ¶ IV.A at 6.) Kersey was provided with ice and Tylenol and sent back to his housing unit. (*Id*.) Approximately two weeks later, during Kersey's visit to the Medical Unit for a different injury, the treating doctor ordered crutches for Kersey upon noticing his swollen ankle. (*Id*.) On October 27, 2025, Kersey filed a grievance challenging sufficiency of the medical care provided to him for his torn Achilles tendon. (*Id*.) According to the Complaint, Kersey had not been provided with "anti inflamatory meds or pain meds despite me filing numerous medical request forms." (*Id*. at 5.)

A few days after Kersey filed the grievance, he was taken to an "outside doctor" who allegedly advised Kersey that he "should have been brought to the hospital immediately and that it seemed [his] Achilles tendon had already started to heal but heal abnormally and on a wrong angle." (*Id*. at 4.) The Complaint alleges that, although this doctor apprised Kersey that he "would need an MRI," he did not receive an MRI until approximately December 12, 2025. (*Id*.)

On or about December 19, 2025, Kersey again saw an "outside doctor" who advised against surgery to repair the torn Achilles tendon due to its state of healing. (*Id*. at 4–5.) That doctor also ordered a "boot" for Kersey, but he did not receive it until approximately three weeks later. (*Id*. at 5.) At Kersey's next checkup appointment, Kersey was "advised that [he] could possibly walk with this limp for life because [he] was not produced to the hospital or doctor in an

---

[1] Excerpts from the Complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

appropriate time despite the fact that it was known from the beginning that [his] Achilles tendon was torn." (*Id.*)

As result, Kersey claims medical malpractice as well as a deprivation of his right to adequate medical care for which he seeks to recover a damages award in the sum of $20 million "as well as surgery & physical therapy & Rehabilitation treatment for my ankle in the case that my ankle cannot be fixed. I would like lifetime medical care for the pain that I will be forced to deal with." (*Id.* ¶ V at 6.)

## LEGAL STANDARDS

Where a plaintiff is proceeding IFP, 28 U.S.C. § 1915 instructs that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009), *aff'd*, 569 U.S. 108 (2013).[2]

This Court is required to construe pleadings "filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019).

---

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, brackets, and citations.

3

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 53 (2d Cir. 2022). In determining whether a claim is sufficiently plausible, a court "accept[s] all factual allegations as true" and "draw[s] all reasonable inferences in the plaintiff's favor." *Herrera v. Comme des Garcons*, Ltd., 84 F.4th 110, 113 (2d Cir. 2023). Nevertheless, a court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 307 (2d Cir. 2022). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Schiebel v. Schoharie Central Sch. Dist.*, 120 F.4th 1082, 1106 (2d Cir. 2024). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678. A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Id.*

## DISCUSSION

### I.    Federal Claims

#### A. Section 1983 Claims

Section 1983 provides redress for constitutional deprivations and provides that:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party

4

injured in an action at law, suit in equity, or other proper
proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure

for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519

(2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)); *accord Jean-*

*Baptiste v. U.S. Dep't of Just.*, No. 23-cv-441, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024)

(noting that Section 1983 does not provide an independent source of substantive rights). To

maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of

state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See*

*Sykes*, 13 F.3d at 519. The Complaint challenges the adequacy of the medical care Kersey

received at the Jail as related to his left Achilles tendon. For the reasons that follow, these claims

are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

     **i.**     **Improper Defendants**

Kersey's Section 1983 claims necessarily fail because he has not named a proper

defendant. The Jail and Medical Unit, as administrative arms of the municipality, Suffolk

County, are without independent legal identities and cannot be sued. *Sturgis v. Suffolk County*

*Jail*, No. 12-cv-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (*sua sponte* dismissing

Section 1983 claims against the SCCF, among others, because it is an "administrative arm[ ] of

the County of Suffolk [ ] [and] lack[s] the capacity to be sued") (citing *Carthew v. County of*

*Suffolk*, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010); *Davis v. Riverhead Correction Facility*, No.

11-cv-5667, 2011 WL 6131791, at * 2 (E.D.N.Y. Dec. 6, 2011).

Given Kersey's pro se status and the special solicitude afforded such litigants, the Court has considered whether he has alleged a plausible claim when construed as against the municipality, Suffolk County, and finds that he has not. It is well-established that:

> Municipal governments, like Suffolk County, may be held liable under Section 1983 'only for unconstitutional or illegal policies, not for the illegal conduct of their employees.' *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Thus, Suffolk County could only face liability if Plaintiff alleged a pattern or practice of such conduct. To state a claim against a municipality under Section 1983, 'the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom.' (*id.*)

*Parker v. Suffolk County Police Dep't*, No. 22-cv-3969, 2023 WL 5047784 at *6 (E.D.N.Y. Aug. 7, 2023). Here, even upon a liberal construction, there are no facts alleged from which the Court could reasonably construe that the allegedly unconstitutional medical care—or lack thereof— was the result of a policy or practice of Suffolk County. *See* Compl.; *see also Parker*, 2023 WL 5047784, at *6 (citing *Joyner-El v. Giammarella*, No. 09-cv-2731, 2010 WL 1685957, at *7-8 (S.D.N.Y. Apr. 15, 2010) (dismissing any *Monell* claim because the plaintiff had "pointed to no policy or custom on the part of New York City that might plausibly have caused any of his alleged constitutional injuries"); *Overhoff v. Ginsburg Dev., L.L.C.*, 143 F. Supp. 2d 379, 389 (S.D.N.Y. 2001) (dismissing Section 1983 complaint against municipality due to plaintiff's failure to "allege that her constitutional rights were violated pursuant to any municipal policy or custom"). Accordingly, even when liberally construed as against Suffolk County, Plaintiff's Section 1983 claims are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

6

### ii.    Adequacy of Medical Care

Even if Kersey had named a proper Defendant, his claim fails for the additional reason that he has not plausibly alleged facts sufficient to state a deliberate indifference claim challenging adequacy of medical care under Section 1983. Such a claim is governed by the Fourteenth Amendment's Due Process Clause in the case of a pretrial detainee and by the Eighth Amendment's prohibition on cruel and unusual punishment in the case of an inmate incarcerated post-conviction. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Regardless of conviction status, the Constitution requires that prison officials "provide humane conditions of confinement" and "that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" (internal quotation marks and citation omitted)).

A plausible denial of adequate medical care claim requires the plaintiff to satisfy both an objective prong and a subjective prong. *Darnell*, 849 F.3d at 29. The objective prong is the same under both the Eighth and Fourteenth Amendments, *Horace v. Gibbs*, 802 F. App'x 11, 13–14 (2d Cir. 2020) (summary order citing *Darnell*, 849 F.3d at 32), and requires that:

> the alleged deprivation in medical care be sufficiently serious . . . . A deprivation in medical care is sufficiently serious if (1) the prisoner was actually deprived of adequate medical care and (2) the inadequacy in medical care is sufficiently serious . . . . The latter inquiry contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain.

*Culbreth v. Manuel*, No. 24-cv-00497, 2025 WL 35059, at *6 (S.D.N.Y. Jan. 6, 2025); *see also Harrison v. Barkley*, 219 F.3d 132, 136–37 (2d Cir. 2000) (holding that the medical need must

7

be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain").

As for the subjective prong, the analysis differs under the Eighth and Fourteenth Amendments. The Eighth Amendment requires a showing "that a prison official had the requisite 'culpable intent,' which is present if the official 'has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm.' . . . As such, 'mere negligence will not suffice.'" *Smith v. New York State*, No. 23-6601-cv, 2024 WL 4746554, at \*2 (2d Cir. Nov. 12, 2024) (quoting *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996)). Under the Fourteenth Amendment, the subjective prong requires the plaintiff to "show[ ] that the officer acted with at least deliberate indifference to the challenged conditions." *Darnell*, 849 F.3d at 29. In other words, "a detainee asserting a 'claim for deliberate indifference to his medical needs can allege either that the defendants knew that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants should have known that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health.'" *Culbreth*, 2025 WL 35059, at \*6 (quoting *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021))

Here, Kersey has not alleged his conviction status. (Compl., *in toto*.) However, even affording the Complaint a liberal construction, the Court finds that the Complaint alleges insufficient facts from which the Court could reasonably construe satisfaction of the deliberate indifference test under either the Eighth or Fourteenth Amendments.

As to the objective prong, at this stage, the Court accepts as true the allegation that the delay in treatment for Kersey's left ankle injury resulted in further significant injury or the

8

unnecessary and wanton infliction of pain. However, as to the subjective prong, the Complaint does not name any officers involved in the challenged events as defendants, nor does it allege that any Defendant acted with deliberate indifference to deprive Kersey of constitutionally adequate medical care. (*See generally* Compl.) Thus, the Complaint does not plausibly allege that the medical care at the Jail was constitutionally deficient. Accordingly, Kersey's Section 1983 claims are dismissed pursuant to §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## II.    State Law Claims

A district court "may decline to exercise supplemental jurisdiction over a claim . . . [where it] has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Chinniah v. FERC*, 62 F.4th 700, 703 (2d Cir. 2023). Having dismissed the federal claims alleged in the Complaint for the reasons set forth above, the Court declines to exercise supplemental jurisdiction over any remaining state law claims, including medical malpractice. *See* 28 U.S.C. § 1367(c)(3); *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 405 (2d Cir. 2017) (Calabresi, J., concurring) (the Second Circuit "takes a very strong position that state issues should be decided by state courts").

Thus, the Court declines to extend supplemental jurisdiction over any state law claims that may be liberally construed from the allegations in the Complaint. However, Kersey may pursue any valid claims he may have in state court.

9

### III.    Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. Cty. of New York*, 579 F.3d 176, 183 (2d Cir. 2009). However, leave to amend is properly denied where amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (where amendment would be "futile," leave to amend the complaint should be denied).

In an abundance of caution, Kersey is granted leave to file an amended complaint to afford him an opportunity to allege a plausible claim. If Kersey chooses to amend his complaint, he shall: (1) do so within thirty (30) days from the date of this Memorandum and Order; (2) clearly labeled it "Amended Complaint"; (3) and include the same docket number as this Order, No. 26-cv-02954. Kersey must include those individuals who were allegedly involved in the deprivation of his federal rights as defendant(s) in the caption and in the statement of claim. If Kersey does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. Further, Kersey is reminded to review the Court's guidance set forth above concerning the requirements to allege facts supporting plausible deliberate indifference claims and *Monell* claims against Suffolk County.

Kersey is cautioned that the amended complaint will completely replace, not supplement, the original complaint, so any facts or claims that Kersey wants to include from the original complaint must be repeated in the amended complaint. If Kersey does not timely file an amended complaint, judgment shall enter without further notice, and this case will be closed.

Alternatively, Kersey may pursue any valid claims he may have, including negligence or medical malpractice against the Defendants in state court.

## CONCLUSION

For the reasons stated above, this Court grants Kersey's IFP Motion (ECF No. 2) and dismisses the Complaint (ECF No. 1) pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1) and with leave to file an amended complaint.

The Clerk of the Court shall mail a copy of this Memorandum and Order to Kersey at his address of record and shall note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
　　　 June 9, 2026

　　　　　　　　　　　　　　　　　　 */s/ Nusrat J. Choudhury*
　　　　　　　　　　　　　　　　　　 NUSRAT J. CHOUDHURY
　　　　　　　　　　　　　　　　　　 United States District Judge

11